**RATHGEBER & ASSOCIATES**
BY: **JOANNE RATHGEBER, ESQUIRE**
Attorney I.D. No. 30391
111 East Court Street
Doylestown, PA 18901                     Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUKILL GREENE**<br>832 West Milton Street<br>Easton, PA 18042<br>    Plaintiff,<br><br>v.<br><br>**CORBAN CORPORATION**<br>Route 248, P.O. Box 26<br>Bath, PA 18014<br>    Defendant. | Civil Action No. _____<br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## C O M P L A I N T

**I.   JURISDICTION**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended 1991, 42 U.S.C. §2000e; the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended 1991; and 28 U.S.C. §1331. This action is also brought pursuant to the Pennsylvania Human Relations Act, 43 P.S. §951, et seq., as amended 1991, and Pennsylvania Common Law. The amount in controversy, exclusive of interest and costs, exceeds $150,000.

2. State law claims asserted under the PHRA and Pennsylvania common law are before this court pursuant to supplemental jurisdiction, 28 U.S.C. §1367.

3. Plaintiff has exhausted federal and state administrative remedies. Plaintiff's claims for race discrimination, harassment and/or discharge by Defendant were filed with the Pennsylvania Human Relations Commission (PHRC) on or about

March 15, 2003, and that claim was dual-filed with the Equal Employment Opportunity Commission (EEOC).  On September 27, 2004, the PHRC issued a notice of his private suit rights under the PHRA.  This suit has been timely filed within the provisions of the PHRA and EEOC.

**II.     PARTIES**

4.     Plaintiff, Sukill Greene, is an African-American, adult, born citizen residing at 832 West Milton Street, Easton, Pennsylvania 18042.  At all times relevant to this action, Greene was working for Defendant, Corban Corporation, at Route 248, Bath, Pennsylvania 18014.

5.     Defendant, Corban Corporation, is a Pennsylvania corporation maintaining its registered office and conducting its business at Route 248 South, Bath, Pennsylvania 18014.  At all relevant times to this action, Defendant was the employer of Plaintiff.

**II.     FACTUAL BACKGROUND**

6.     Plaintiff was hired by Defendant in December 2001 as a general laborer. He was one of only 4 or 5 black employees.

7.     Between December 2001 and February 2003, Plaintiff was continually harassed by Defendant.

8.     In or around December 2001, Plaintiff's 3rd shift supervisor, Jimmy Yocum, said to his son, Brian, a 3rd shift employee, "why don't we hang Greene from the crane with this rope, like the olden days."

9.     Plaintiff was regularly called a "nigger" by his supervisors and coworkers. The word was used frequently.

10.    On a daily basis, Yocum would say "nigger".  Brian Yocum stated that Blacks only eat chicken and watermelon, and he would check what Plaintiff was eating every day.

11. Plaintiff was constantly complaining to Dennis (last name unknown), owner of the company, about the ongoing racial harassment at the hands of Jimmy Yocum, Brian Yocum, and Gregory, Jimmy's nephew.

12. In or around January 2003, Plaintiff's locker was broken into, and things were missing from his locker.

13. On two occasions in February 2003, Plaintiff's time card was removed which prevented him from working his shift.

14. On or about February 13, 2003, the owner of the company issued Plaintiff a three-day suspension for not being at work when scheduled.

15. Plaintiff had good attendance, and this was retaliation for complaining of the harassment and hostile work environment.

16. When Plaintiff took his three-days suspension, he was replaced by a white worker.

17. Plaintiff was told by Defendant to stay home until they could investigate the claims of racial harassment.

18. On or about February 20, 2003, Plaintiff was informed by the guard at the gate that Jimmy Yocum told the guard not to let him in.

19. As of February 21, 2003, Plaintiff was terminated from his position. Plaintiff was replaced by a white individual.

20. On or about February 27, 2003, Plaintiff went to his locker to clean it out and found a picture of his daughter with her head cut off. His clothes smelled of gasoline.

21. Plaintiff called the Upper Nazareth Township Police Department and filed three separate claims for incidents that occurred on Defendant's property.

22. Plaintiff was subjected to a hostile working environment.

23. Because of the racially motivated hostile work environment endured by Plaintiff, he suffered physical and emotional harm.

## COUNT I

## PLAINTIFF'S CLAIMS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e, ET SEQ., AS AMENDED 1991

24. Allegations contained in Paragraphs 1 through 23 above are incorporated herein as if set in full.

25. Plaintiff was subjected to a racially-hostile and demeaning work environment comprised of offensive language, unwelcome racial comments, intimidation, threats, and discrimination due to his race.

26. Plaintiff complained about the harassment and discrimination to the managers, supervisors, and owner of the company with authority to stop it. Defendant still took no action to correct the offensive conditions, which resulted in additional discriminatory acts.

27. Caucasian employees were given preferential treatment over Plaintiff.

28. Defendant's conduct was deliberate and violated Title VII of the Civil Rights Act of 1964, as amended 1991, and conformed to the company culture of discrimination of minorities and maintaining a hostile and offensive workplace for Plaintiff.

29. Pursuant to Title VII, Plaintiff is entitled to an award of compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses sustained by Plaintiff as a result of Defendant's actions, intentional or negligent, constituting and resulting in disparate impact and/or disparate treatment of African-Americans, including Plaintiff.

30. Pursuant to Title VII, 42 U.S.C. §2000e, et. seq., Plaintiff is entitled to an award of punitive damages where Defendant's actions constituted and resulted in disparate treatment of African-Americans, including Plaintiff, and Defendant engaged in intentional acts against him with malice and reckless indifference to the federally-protected rights of Plaintiff as an aggrieved individual.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant for compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand ($150,000) Dollars; plus costs of this action; reimbursement of back pay, front pay, interest, attorneys fees, and such other equitable relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT II

### PLAINTIFF'S CLAIMS UNDER THE CIVIL RIGHTS ACT OF 1866, AS AMENDED 1991, 42 U.S.C. §1981

31. Allegations contained in Paragraphs 1 through 30 above are incorporated herein as set forth in full.

32. Section 1981 guarantees to all persons the right to make and enforce contracts, including performance, modification, and termination as well as enjoyment of benefits, privileges, terms, and conditions of the contractual relationship.

33. In or about 2001, Plaintiff entered into an oral contract wherein Defendant, Corban Corporation, employed Plaintiff.

34. Plaintiff reasonably relied upon Defendant's express and implied representation of good faith and fair dealing and accepted a full-time position offered by the Defendant in reasonable anticipation and belief that he would be treated fairly and equitably by Defendants.

35. The terms of the oral employment contract entered into included, but are not limited to, the following:

    a) full-time employment;

    b) equal opportunity for promotion and advancement as provided to Caucasian employees;

    c) fair and equitable treatment on a daily basis by Defendant's agents, servants, and employees, without racial slurs, insults, or intimidation; and

    d) lack of racial/ethnic animus against them on the part of employees, management, and corporate officials.

36. In good faith reliance upon the Defendant's promises as aforesaid, Plaintiff put forth his best effort and performed all job duties assigned to him and satisfactorily fulfilled all of his job duties and tasks.  He treated his co-workers and supervisors with courtesy and respect at all times.

37. Despite Plaintiff's best efforts, Defendant's management officials embarked on a course of ethnic and racial ridicule, humiliation, degradation, and embarrassment intended to destroy Plaintiff's self-esteem and self-confidence.

38. When Plaintiff complained, no corrective action was taken.

39. Defendant allowed a hostile work environment to permeate the facility resulting in Plaintiff's discharge.

40. The wrongful acts of the Defendant complained of herein were undertaken deliberately, intentionally, and maliciously and based on Plaintiff's race in violation of 42 U.S.C. §1981.

41. Pursuant to 42 U.S.C. §1981, Plaintiff is entitled to an award of compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary

losses sustained by Plaintiff as a result of Defendant's intentional discrimination against Plaintiff on the basis of his race.

42.     Pursuant to 42 U.S.C. §1981, Plaintiff is entitled to an award of punitive damages where the Defendant engaged in intentional racial discrimination against him and acted with malice or reckless indifference to the federally protected rights of Plaintiff as an aggrieved individual.

43.     Due to the Defendant's impermissible racial animus, Plaintiff has suffered significant financial and emotional distress which has detrimentally affected Plaintiff and his family.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of One Hundred Fifty Thousand ($150,000) Dollars for compensatory damages and in excess of One Hundred Fifty Thousand ($150,000) Dollars for punitive damages, plus costs of suit, attorneys fees, interest, and such other equitable relief as the Court may deem just, proper, and appropriate in the circumstances of the case.

## COUNT III

### PLAINTIFF'S CLAIMS UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. §951, et. seq., AS AMENDED 1991

44.     Allegations contained in Paragraphs 1 through 43 above are incorporated herein as set forth in full.

45.     Pennsylvania's Human Relations Act, 43 P.S. §951 et. seq., provides for compensatory damages in appropriate cases of violation of the Act's prohibition of racial discrimination.

46.     Defendant underutilized minorities in that their representation was not reflective of the community or labor area they serviced.

47.   43 P.S. § 955(d) makes it unlawful for any person or employer to discriminate in any manner against any individual because such individual has opposed any practice forbidden by the PHRA, or because such individual has made a charge under the PHRA.

48.   Plaintiff complained about the hostile work environment created by Defendant. Defendant did nothing to alleviate the problem.

49.   43 P.S. §955(e) makes it illegal for a person, employer, employment agency, labor organization, or employee to aid, abet incite, compel or coerce the doing of an act considered an unlawful discriminatory act by the PHRA. Defendant failed to investigate, intercede, or stop the constant unlawful pattern and practice of racial discrimination. Defendant aided and abetted its managers and supervisors in their unlawful discriminatory practice of racial discrimination, racial harassment, and retaliation.

50.   In retaliation for his complaints of a hostile work environment due to racial discrimination, Plaintiff was terminated.

51.   The egregious nature of Defendant's illegal misconduct and the extent of Plaintiff's financial, physical, and emotional injuries and damages justify a recovery of monetary damages for the value of Plaintiff's claims, and the facts and circumstances of this case entitle Plaintiff to additional damages under state law.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant for violation of Pennsylvania's Human Relations Act in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000) for compensatory damages, costs of this action, reimbursement of back pay, front pay, interest, attorney fees, and such other legal and injunctive relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

        Respectfully submitted,

        **RATHGEBER & ASSOCIATES**


        BY:_____
           **JOANNE RATHGEBER, ESQUIRE**
           Attorney for Plaintiffs

Dated:_____